1764.

Preſent:

Ch. Juſtice, Juſtice Cuſhing & Juſtice Oliver.

<div style="margin-left-note">

BROMFIELD
*v.*
LITTLE.

Rec. 1764.
Fol. 98.

*It ſeems,* that there is no Cuſtom of Merchants in this Country, of charging Intereſt after a Year on the Price of Goods ſold, which will raiſe an implied Contract to pay the ſame.

</div>

Bromfield *verſ.* Little.

IN this Action was a general *Indebitatus Aſſumpſit* on Account annexed.   One Article was a Charge of Intereſt.

The Council for the Plaintiff urged, that it was a Cuſtom of Merchants here to charge Intereſt after a Year: (Several Merchants were ſworn on this Head, but they did not agree about the Time, neither whether they did or did not firſt inform the Debtor.)   The Juſtneſs of the Charge was argued from the Charge of Intereſt after a Year, *at Home.*

In Behalf of Defendant, 'twas ſaid, there was no ſuch Cuſtom here at all; yet if it could be ſaid there was a Cuſtom here to charge after Notice either at or after Sale, certainly not before Notice.

*Juſt. Oliver.*   Whether this is a reaſonable Cuſtom muſt firſt be conſidered.   I think it is.   I think, too, it appears to be a Cuſtom.

*Juſt. Cuſhing.*   This Caſe is very different from what it is at Home; 'tis there the univerſal Uſage, which makes it the Suppoſition of every Party at firſt; and, as a Perſon purchaſing Goods without any ſpecial Promiſe is ſuppoſed to promiſe the Payment

1764.

BROMFIELD
v.
LITTLE.

ment of the Cuſtomary Price, ſo he is ſuppoſed to engage to pay the cuſtomary Allowance for Forbearance; but here, however reaſonable it may be, it is yet otherwiſe, nor is it implied in the Contract.

*Ch. Juſtice.* This Caſe is of much Importance to the Community. 'Tis agreeable to natural Equity that Intereſt ſhould be allowed; and I am glad it is growing into a Cuſtom; but the Rule is that both Parties ought at the Time of contracting to underſtand it ſo, and I doubt whether it is ſo general as that it can be ſuppoſed in this Caſe.

*The Jury did not allow Intereſt.*

N. B. The Superiour Court now altered, and the Sitting, inſtead of being the third Tueſday of February and third Tueſday of Auguſt, is the ſecond Tueſday in March and laſt Tueſday in Auguſt. March 12, A. D. 1765. (1)

---

(1) Prov. St. 5 G. 3, c. 6, Maſs. Perpet. Laws, 481.